UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOEY ALLEN FRINKEL,

    Plaintiff,

    v.                                  CAUSE NO. 3:22-CV-753-JD-MGG

PULASKI COUNTY JAIL, et al.,

    Defendants.

OPINION AND ORDER

Joey Allen Frinkel, a prisoner without a lawyer, filed a one-page motion labeled, "Preliminary Injunction." (ECF 7.) "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not

simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must conduct an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions—"those requiring an affirmative act by the defendant"—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining the strict limitations on granting injunctive relief under the Prison Litigation Reform Act).

Mr. Frinkel has not yet been granted leave to proceed on any claim, let alone established a likelihood of success on the merits. The court screened his original complaint and determined that it did not state a plausible claim and was subject to

dismissal under 28 U.S.C. § 1915A. (ECF 5.) The court granted him leave to file an amended complaint, but he has not yet done so.

Nor has he demonstrated that he will be irreparably injured if immediate relief is not granted.[1] Instead, his motion appears to be geared at obtaining discovery: He seeks records showing the number of inmates at the jail and a copy of his medical records. (ECF 7.) The appropriate means of obtaining discovery is to serve a discovery request directly on a party, not to file a motion for emergency relief with the court. *See generally* FED. R. CIV. P. 26-36. However, he cannot conduct discovery unless his case survives screening under 28 U.S.C. § 1915A. At this stage, he has not demonstrated an entitlement to the extraordinary remedy of a preliminary injunction.

For these reasons, the motion for a preliminary injunction (ECF 7) is DENIED.

SO ORDERED on September 23, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The court notes that his original complaint pertained to events occurring in August 2021 wherein he caught COVID at the jail, rather than to an ongoing emergency. (ECF 1.)

3